**FILED**

**NOT FOR PUBLICATION**

**AUG 03 2006**

UNITED STATES COURT OF APPEALS

**CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS**

FOR THE NINTH CIRCUIT

RECEIVED

OCT 0 2 2006

CLERK, U.S. ...
ANCHORAGE, ALASKA

| | |
|---|---|
| RICHARD BLOODWORTH; DINAH BLOODWORTH, individually and as parents and next friends of William Anthony Bloodworth; WILLIAM ANTHONY BLOODWORTH,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant - Appellee. | No. 05-35084<br><br>D.C. No. CV-01-00376-A-HRH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Chief District Judge, Presiding

Submitted July 27, 2006**
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court's finding that Dr. Milstein was qualified to offer an expert opinion was not clearly erroneous. Given that Dr. Milstein is a board-certified pediatrician and pediatric neurologist with extensive training and experience, the district court did not abuse its discretion in allowing him to testify as an expert. *See* FED. R. EVID. 702.

The district court did not clearly err in finding that Dr. Milstein offered an unbiased, neutral opinion that was entitled to credence. "[T]he district court is in a unique position to admit the evidence, hear the testimony, and evaluate the credibility and demeanor of witnesses." *Matter of McLinn*, 739 F.2d 1395, 1405 (9th Cir. 1984). Accordingly, we cannot say that the trial court's finding that Dr. Milstein was more credible than Dr. Rubin was clearly erroneous.

The district court also did not err in finding that Appellants failed to meet their burden of proof pursuant to ALASKA STAT. § 09.55.540. The district court reasonably determined that Drs. Fusco and Ramsey had "a duty to diagnose, manage, and treat childhood illness," but that Appellants could not show that any act or omission by the doctors was the proximate cause of William Bloodworth's injuries.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 26 2006

by: _____
Deputy Clerk